MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

TRUSTS, § 44*—*when equitable owner of land sold by holder of record title entitled to the purchase money.* On bill filed to recover a certain sum received by defendants as purchase money for certain land sold by defendants, of which land complainant claimed he was the equitable owner, a decree in favor of complainant *held* sustained by the evidence, it appearing that the land in question was purchased by complainant with his money and the deed taken in the name of his father, to protect him against his own improvidence, and that the father had subsequently deeded the property to his daughter, one of the defendants, for a nominal consideration, and it also appearing that the fact of the conveyance was not known to two of the children, including complainant, and that the deed was not recorded until after the father's death.

---

## Hannah Berg, Administratrix, Appellee, v. Lake Erie & Western Railroad Company et al., Appellants.

### Gen. No. 5,881.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1913. Reversed with finding of facts. Opinion filed April 15, 1914.

## Statement of the Case.

Action by Hannah Berg, administratrix of the estate of John W. F. Berg, deceased, against Lake Erie & Western Railroad Company and Peoria & Pekin Union Railway Company to recover for the wrongful death of deceased while employed by the Peoria & Pekin Union Railway Company as a section man in its yards. His duty was to clean up and do various things about the yards. The deceased was killed by falling

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

between the first and second coaches of a passenger train of the Lake Erie & Western Railroad Company, a lessee of the other defendant Company. He stepped back from a track where he was working to make way for an engine of the Vandalia Railroad Company that was approaching in one direction, and either while the engine was passing or just after it had passed he came into contact with the Lake Erie coaches going in the other direction. There was a space of about eight feet between the tracks and about four feet between trains if standing at the same time on these two tracks. From a judgment entered on a verdict for two thousand five hundred dollars against both defendants, defendants appeal.

STEVENS, MILLER & ELLIOTT, for appellants.

SHEEN & GALBRAITH, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

MASTER AND SERVANT, § 704*—*when recovery for death of a section man while working in railroad yards not sustained by the evidence.* In an action against two railroad companies to recover for the wrongful death of plaintiff's intestate, a section man, employed by one of the defendant companies in its yards, it appeared that the deceased was killed by falling between the coaches of a passenger train of the other company after he had stepped off a track where he was working to let the engine of another company, not a party to the suit, pass, and that deceased was killed while he was standing between the two passing trains. *Held* that a verdict and judgment against the defendants could not be sustained, there being no evidence to show what caused the deceased to fall between the coaches, and the evidence failing to show that defendants or either of them owed him any duty which was not performed, and the evidence failed to show ordinary care on the part of the deceased at the time of the injury.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.